**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-4198**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM FLOYD FORD, JR.,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  G. Ross Anderson, Jr., District Judge.  (CR-02-367)

─────────────

Submitted:  September 25, 2003          Decided:  March 25, 2004

─────────────

Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Hervery B. O. Young, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant William Floyd Ford, Jr., was convicted by a jury of attempted robbery of a federally insured bank, 18 U.S.C. § 2113(a) and for being a felon in possession of a handgun, 18 U.S.C. § 922(g)(1). At trial, Ford's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 was denied after the Government presented its case. Ford's renewed motion for judgment of acquittal at the close of trial was also denied by the district court. The district court sentenced Ford to seventy-eight months' imprisonment, and Ford timely appealed.

Ford's appellate counsel has filed an <u>Anders</u>[*] brief raising one issue: whether the Rule 29 motion was properly denied. Ford filed a supplemental pro se brief in which he alleges the following points of error: (1) the magistrate judge had no constitutional or statutory authority to issue Ford's arrest warrant; (2) the arrest warrant was defective; (3) the criminal complaint was defective; (4) the prosecutor's closing argument was improper because it bolstered the credibility of witnesses; (5) the in-court identification of Ford was flawed; and (6) the jury charge was defective. Ford has moved in this court for leave to file an amended pro se brief to add one more substantive claim of reversible error, namely, that the government did not have

---

[*]<u>Anders v. California</u>, 386 U.S. 738 (1967).

jurisdiction over his weapons possession offense.  We grant the motion.  The matter is now ripe for <u>Anders</u> review by this court.

We have reviewed the testimony adduced at trial and conclude the district court properly denied Ford's Rule 29 motions. When the evidence is viewed in the light most favorable to the Government, a reasonable jury could readily conclude that Ford committed both of the crimes charged in the indictment.  <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996).  We further conclude from the record that the additional issues asserted by Ford in his pro se briefs are without merit.

We have independently reviewed the entire record in this case in accordance with <u>Anders</u> and have found no meritorious issues for appeal.  We therefore affirm Ford's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>